UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RYAN HYAMS,<br><br>    Plaintiff,<br><br>v.<br><br>CVS HEALTH CORPORATION, et al.,<br><br>    Defendants. | Case No. 18-cv-06271-PJH (LB)<br><br>**ORDER ADDRESSING DISCOVERY LETTER BRIEFS**<br><br>Re: ECF Nos. 105–109 |

    The court's standing order provides that (absent a superseding order to the contrary) the parties must meet and confer regarding discovery disputes (in person if counsel are local or by telephone if they are not) and then must raise discovery disputes in a joint letter brief that includes (1) a statement of the unresolved issue, (2) a summary of each party's position (with citations to supporting facts and legal authority), and (3) each party's final proposed compromise.[1] Plaintiff Ryan Hyams filed four individual discovery letter briefs.[2] Mr. Hyams says that he sent his positions to the defendants (collectively, "CVS") on October 30, 2019, and asked for their

---

[1] Standing Order – ECF No. 34-1 at 2–3. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Pls. Letter Brs. – ECF Nos. 105–08.

ORDER – No. 18-cv-06271-PJH (LB)

positions by November 6, 2019.[3] Mr. Hyams says that CVS did not respond until November 6, and on November 6 did not provide its positions but instead said that it intended to request from the court a schedule for non-joint briefing.[4] CVS does not deny that it did not respond to Mr. Hyams until November 6 and that, when it did respond, it did not provide a substantive response and instead told Mr. Hyams only that it intended to request a non-joint briefing schedule.[5]

CVS's failure to respond substantively to Mr. Hyams's October 30 positions and its unilateral decision to forgo the joint-letter-brief process in lieu of proposing a non-joint briefing schedule fails to comply with the court's standing order. "'[T]he meet-and-confer and joint-letter-brief processes is meant to encourage parties to (1) talk with each other, see each other's positions, try to find areas of compromise, and work out disputes amongst themselves, and (2) narrow, sharpen, and focus the issues they cannot resolve before they present those issues to the court.'" *Sayta v. Martin*, No. 16-cv-03775-LB, 2019 WL 1102989, at *2 (N.D. Cal. Mar. 8, 2019) (quoting *Updateme Inc. v. Axel Springer SE*, No. 17-cv-05054-SI (LB), 2018 WL 5734670, at *4 (N.D. Cal. Oct. 31, 2018)). "'[T]he final joint letter brief should include only the core, central unresolved issues and all of the parties' arguments on those issues (including all the responses they have to the other side's arguments).'" *Id.* (quoting *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO (LB), 2018 WL 2294281, at *1 (N.D. Cal. May 21, 2018)). CVS's proposal to forgo the joint-letter-brief process undermines this purpose entirely. While the court called for full briefing with respect to the patient-safety work-product ("PSWP") issue — due to the particulars of that issue, and only after several rounds of joint letter briefs — the court did not authorize CVS to depart from the joint-letter-brief process for other discovery disputes or to wait a week after receiving the other side's portions of joint letter briefs before responding only non-substantively.

---

[3] Pls. Letter Brs. – ECF No. 105 at 3, 106 at 2, 107 at 3, 108 at 2.

[4] *Id.*

[5] *See* Defs. Letter Br. – ECF No. 109; Defs. Letter Br. Ex. C – ECF No. 110-3.

The court therefore orders the following. CVS must provide to Mr. Hyams its substantive portions for Mr. Hyams's four discovery letter briefs by November 8, 2019. The parties must then meet and confer (in person or by telephone[6]) within two business days for at least one hour to discuss their disputes and to try to work them out and find compromises. *Cf. Sayta*, 2019 WL 1102989, at *1 ("'The overarching principle for all discovery disputes is that the parties have an obligation to negotiate in good faith and cooperate in discovery.'") (quoting *Updateme*, 2018 WL 5734670, at *4 n.21). If they are unable to resolve their disputes, they may file joint letter briefs that take into account their meet-and-confer discussions and that comply with the requirements set out in the court's standing order, including the requirement that the letter briefs *include each party's final proposed compromise* on each issue.[7]

The parties also raise a dispute about whether they should address discovery disputes to the undersigned or to Judge Hamilton. Judge Hamilton's October 18, 2019 order provides that:

> To the extent defendants believe plaintiffs' *fourth set* of requests for production seeks materials that are not relevant nor calculated to lead to the discovery of admissible evidence given the scope of the operative complaint following this court's ruling on defendants' motion to dismiss, defendants may object to *those* requests on those bases within 14 days from the date of this order. If plaintiff moves to compel production in response to *such* objections, that motion shall be filed before this court given the relevance of this court's prior orders.[8]

Judge Hamilton's October 18 order does not withdraw from her general referral order[9] discovery disputes not related to Mr. Hyams's fourth set of requests for production. Until and unless Judge Hamilton withdraws such matters from referral, the undersigned must decide them,

---

[6] The court strongly encourages the parties to meet and confer in person as opposed to over the phone on the belief that an in-person meet and confer is more productive. Mr. Hyams's counsel is based in Burbank and Los Angeles, and CVS's counsel is based in Irvine, so it is not infeasible for them to meet in person. The court does not codify its encouragement that the parties meet in person into an order at this juncture (but may do so in the future if the parties are unable to work productively over the phone).

[7] Standing Order – ECF No. 34-1 at 3.

[8] Order – ECF No. 92 at 1–2 (emphasis added).

[9] Order of Reference – ECF No. 30.

and the parties should therefore address such disputes to the undersigned (as opposed to Judge Hamilton) in the first instance.

**IT IS SO ORDERED.**

Dated: November 7, 2019

_____
LAUREL BEELER
United States Magistrate Judge